IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

JAMES DRAPER
5206 Valley Trail
Racine, Wisconsin 53402,

    Plaintiff,

v.

CITY OF RACINE
730 Washington Avenue
Racine, Wisconsin 53403,

    Defendant.

CIVIL ACTION NO. 17 CV 1552

Jury Trial Demanded

## COMPLAINT

NOW COMES the Plaintiff, James Draper, by and through his attorneys, McDonald & Kloth, LLC, and as and for his cause of action against the Defendant, City of Racine, alleges and shows to the court as follows:

### NATURE OF T HE ACTION

This action arises under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and the Age Discrimination in Employment Act ("ADEA") of 1967, as amended, to correct unlawful employment practices on the basis of race, age, and retaliation, and to provide appropriate relief to the Plaintiff who was adversely affected by such practices.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is proper pursuant to 28 USC §1331. This action is authorized and instituted pursuant to Section 621 of the ADEA, 29 U.S.C. § 621 et seq., and Sections 703 and 704 Title VII, 42 USC §2000e-2 et seq.

2. Venue is proper in this Court pursuant to 28 USC §1391(b) and (c). The employment practices alleged to be unlawful were and are being committed within the jurisdiction of

the United States District Court for the Eastern District of Wisconsin, and the employment records relevant to such practices are maintained and administered in the Eastern District of Wisconsin.

## PARTIES

3. The Plaintiff, James Draper ("Draper"), is an adult resident of the State of Wisconsin with a residence located at 5206 Valley Trail, Racine, Wisconsin 53402.

4. The Defendant, City of Racine (the "City"), is and was at all times material to this cause of action, a political subdivision organized under the laws of the State of Wisconsin having a principal place of business located at 730 Washington Avenue, Racine, WI 53403.

## STATEMENT OF CLAIMS

5. Draper became employed by the City as an Engineering Aid in April, 2008.

6. Draper is African American and his date of birth is July 23, 1962.

7. Draper performed his job as an Engineering Aid satisfactorily throughout his employment with the City.

8. In 2011, Draper became the subject of race and age discrimination and harassment in the workplace by a Caucasian coworker.

9. A substantially younger, Caucasian coworker, Bret Nimz, directed profanity and disparaging remarks at Draper in the workplace.

10. Draper made his supervisor, Chad Regalia ("Regalia"), Chief Engineer, aware of the negative treatment by the coworker, but Regalia did nothing to remedy the situation.

11. Regalia subjected Draper to different terms of employment than his coworkers including, but not limited to, job segregation, lack of internal support, requiring Draper to go outside his department for assistance with job-related issues, subjecting Draper to disparate

2

testing requirements, subjecting Draper to disparate promotional opportunities, issuing Draper unwarranted poor job performance ratings, .

12. Draper reported his concerns of discrimination and harassment to the City's Human Resources Department.

13. Shortly after reporting the discrimination and harassment to the City's Human Resources Department, the City scheduled a meeting with Draper to discuss alleged performance concerns. The City did not immediately schedule a meeting with Draper to address the discrimination and harassment complaint made by Draper.

14. Having received no help or assistance from the City to remedy the ongoing discrimination and harassment in the workplace, Draper filed a charge with the Equal Employment Opportunity Commission on January 22, 2016 alleging discrimination based upon race and age, and retaliation.

15. As a result of the City's segregation, Draper was forced to perform work intended to be performed by two or more workers. Draper became injured on the job in the fall of 2016 as a result of being required to perform work intended for two or more workers.

16. Despite the injury and certain related medical restrictions, Draper continued to perform his job as an Engineer Aid satisfactorily.

17. On October 21, 2016, Draper received a letter from Tim Thompkins ("Thompkins"), the City's Human Resources Manager, placing Draper on administrative leave allegedly because of the injury Draper had experienced on the job.

18. While on administrative leave, Thompkins told Draper he could not return to work as an Engineer Aid with his current medical restrictions. Thompkins further explained to Draper that the City would bring him back to work as an Engineer Aid if certain medical restrictions were lessened relaxed.

19. Draper met with his primary care physician, who on October 24, 2016 provided medical restrictions for Draper in line with the restrictions suggested by Thompkins.

20. Draper met with Thompkins on or about October 25, 2016 and provided Thompkins with the new medical restrictions.

21. Thompkins told Draper that City would not bring him back to work, and directed him to remain on administrative leave.

22. On or about December 15, 2016, Thompkins told Draper to return to work at the City, and meet with Mark Carr ("Carr"), Construction Superintendent, upon his arrival.

23. Draper returned to work at the City on or about December 18, 2016 and met with Carr. Carr was visibly and audibly upset that Draper met with him that morning, and told Draper that the City had not informed him that he had anything to do with Draper returning to work.

24. Later that day, Carr showed Draper to his new workspace – a cage located on the ground floor of the building in which Draper's former office was located.

25. The new workspace was a cage that previously had been used by the City as a tool cage. The cage was isolated from all other employees. Draper's coworkers in the Engineering Department were located on the second floor.

26. Throughout the day, the City moved the furniture from Draper's 2nd floor office space into the cage.

27. Draper was forced to clean the cage and setup his telephone and electronics.

28. Despite having to work in the cage, Draper continued to perform the same engineering work as he had performed prior to being placed on administrative leave. Draper also continued to report Chief Engineer Regalia.

29. Approximately two months after Draper returned to work, he observed that an Engineering Department luncheon had taken place to which he had not been invited. Draper asked Regalia why he had not been invited to attend the luncheon since the luncheon involved information he would need to know for his job.

30. Regalia informed Draper that he no longer was part of the City's Engineering Department.

31. The City later provided Draper with a job description for a newly created position – Utility Locator. The job duties of the Utility Locator were nearly identical to the Engineer Aid job duties, and Draper continued reporting directly to Regalia.

32. Draper informed the City's Human Resources Department that he objected to being placed into the new position title.

33. Keith Haas, General Manager for the City of Racine Water and Wastewater Utilities, sent Draper a memorandum dated December 27, 2016 directing Draper to provide a daily update to Regalia documenting what Draper had accomplished that day. On information and belief, no other employee within the City of Racine Water and Wastewater Utilities is required to perform the same daily task.

34. Draper asserts that the City has discriminated against him based upon his age and race.

35. Draper asserts that the City has retaliated against him for objecting to conduct made unlawful by Title VII and the ADEA.

36. All conditions precedent for filing this lawsuit have been fulfilled. Attached hereto and labeled as Exhibit A are a true and correct copies of the Right to Sue Letters issued by the Equal Employment Opportunity Commission.

37. The effect of the practices complained of in the foregoing paragraphs has been to deprive Draper of equal employment opportunities and otherwise adversely affect his status as an employee because of his race, age, and opposition to unlawful activity.

38. The unlawful employment practices complained of in the foregoing paragraphs were intentional.

39. The unlawful employment practices complained of in the foregoing paragraphs were done with reckless indifference to Draper's federally protected rights.

## **PRAYER FOR RELIEF**

A. Grant a permanent injunction against the City and its officers, assigns and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of race, age, and opposition to conduct made unlawful by Title VII and the Age Discrimination in Employment Act.

B. Order the City to institute and carry out policies, practices and programs which provide equal employment opportunities for all races, all persons over 40 years of age, and all persons who oppose conduct made unlawful by Title VII and the ADEA, and which eradicate the effects of its past and present unlawful employment practices.

C. Order the City to make whole Draper by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order the City to make whole Draper by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in the foregoing paragraphs in amounts to be determined at trial.

E. Order the City to make whole Draper by providing compensation for past and future nonpecuinary losses, including, but not limited to, emotional pain, suffering,

inconvenience and mental anguish resulting from the unlawful practices complained of in the foregoing paragraphs in amounts to be determined at trial.

  F. Order the City to compensate Draper for the attorneys' fees and costs he's incurred as a result of brining this action.

  H. Grant such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMANDED

The Plaintiff, James Draper, requests a jury trial on all questions of fact raised by this complaint.

Dated on this 7th day of November, 2017.

            **MCDONALD & KLOTH, LLC**
            Attorneys for James Draper

      By: s/Shannon D. McDonald
         Shannon D. McDonald
         WI State Bar No. 1036954
         MCDONALD & KLOTH, LLC
         1818 N. Farwell Ave.
         Milwaukee, WI 53202
         Direct: (414) 403-2161
         Office: (414) 395-8774
         Fax: (414) 395-8773
         sdm@themklaw.com